**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 1204.]**

TOLEDO BAR ASSOCIATION *v.* VIREN.

[Cite as *Toledo Bar Assn. v. Viren*, 1999-Ohio-153.]

(No. DD 86-14—Submitted June 9, 1999—Decided June 29, 1999.)

ON PETITION FOR REINSTATEMENT.

———————————

{¶ 1} This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, Jack Patrick Viren, Jr. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on April 28, 1999, recommending that Jack Patrick Viren, Jr., be reinstated to the practice of law in the state of Ohio and, further, that if respondent is reinstated, he serve a period of probation for two years subject to monitoring by the Ohio Lawyers Assistance Program, during which time respondent shall also be monitored by another practicing attorney in Toledo, Ohio, to observe and report to relator on his status. No objections were filed.

{¶ 2} The court now considers its order of August 6, 1986, indefinitely suspending respondent, Jack Patrick Viren, Jr., from the practice of law pursuant to former Gov.Bar R. V(6)(b) (now 6[B][2]). On consideration thereof, and the Final Report of the Board of Commissioners on Grievances and Discipline,

{¶ 3} IT IS ORDERED by the court that the respondent, Jack Patrick Viren, Jr., Attorney Registration No. 0043216, last known address in Toledo, Ohio, be, and hereby is, reinstated to the practice of law on the condition that respondent serve a probation period for two years subject to monitoring by the Ohio Lawyers Assistance Program, during which time respondent shall also be monitored by

another practicing attorney in Toledo, Ohio, to observe and report to the Toledo Bar Association on his status.

{¶ 4} IT IS FURTHER ORDERED by the court that pursuant to Gov.Bar R. V(9), relator, Toledo Bar Association, shall appoint an attorney to monitor Jack Patrick Viren, Jr.'s compliance with the terms of his probation and, further, that relator shall file with the Clerk of this court on or before thirty days from the date of this order, the name of the monitoring attorney.

{¶ 5} IT IS FURTHER ORDERED that at the end of the monitored probationary period, relator, Toledo Bar Association, shall file a report with the Clerk of this court indicating whether respondent has complied with the terms of the monitored probation.

{¶ 6} IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $993.30, less the deposit of $500, for a total balance due of $493.30, which costs shall be payable to this court on or before ninety days from the date of this order, by certified check or money order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

{¶ 7} IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 8}** IT IS FURTHER ORDERED that at the end of the probationary period, respondent may apply for termination of probation. It is further ordered that respondent's probation shall not be terminated until (1) he applies for termination of probation in accordance with Gov.Bar R. V(9) and meets the requirements of having his probation terminated; (2) he complies with this and all other orders issued by this court; (3) he complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) relator files a report with the Clerk's Office of this court indicating that respondent has complied with the terms and conditions of his monitored probation; and (5) this court enters an order terminating his probation.

**{¶ 9}** IT IS FURTHER ORDERED that respondent shall keep the Clerk, Disciplinary Counsel, relator, and the monitoring attorney advised of any change of address where respondent may receive communications.

**{¶ 10}** IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

**{¶ 11}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

**{¶ 12}** For earlier case, see *Toledo Bar Assn. v. Viren* (1986), 25 Ohio St.3d 200, 25 OBR 264, 496 N.E.2d 243.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————